## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**MICHAEL SANDERS,**

     **Plaintiff,**

vs.                    **CASE NO.:**

**CHSPSC, LLC, d/b/a COMMUNITY
HEALTH SYSTEMS, a Foreign for Profit
Corporation,**

     **Defendant.**                 /

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MICHAEL SANDERS ("Plaintiff"), by and through undersigned counsel, hereby files this Complaint against Defendant, CHSPSC, LLC, d/b/a COMMUNITY HEALTH SYSTEMS ("Defendant") and in support thereof states as follows:

### INTRODUCTION

This is an action brought pursuant to the Americans with Disabilities Act, as amended, ("ADAAA"), 42 U.S.C. 12101, *et seq.* and the Florida Civil Rights Act ("FCRA"), Sect. 760.01, *et seq.*, Fla. Stat. to recover back pay, front pay in lieu of reinstatement, lost benefits, compensatory damages, emotional distress damages, pain and suffering, injunctive relief, reasonable attorneys' fees and costs and any other relief to which the Plaintiff is entitled including but not limited to equitable relief.

### PARTIES

1.    Defendant is a foreign corporation, licensed and authorized to conduct business in the State of Florida.

2.     At all material times hereto, Defendant conducted business at sixteen (16) locations across the state of Florida including one location at St. Cloud Regional Medical Center, 2906 17th Street, St. Cloud, Florida 34769. See http://www.chs.net/serving-communities/locations/#FL

3.     Defendant is a Foreign Limited Liability Company that lists is principal address as 4000 Meridian Boulevard, Franklin, Tennessee 37067. See Florida Division of Corporations at www.Sunbiz.org

4.     According to its website, Defendant is one of the nation's leading operators of general acute care hospitals. The organization's affiliates own, operate or lease 102 hospitals in 18 states with approximately 17,000 beds. These hospitals offer a wide range of diagnostic, medical and surgical services in inpatient and outpatient settings.

5.     Plaintiff is an adult individual who resides in Orange County, Florida.

6.     Defendant was an employer as defined by the laws under which this action is brought and employs greater than 15 employees.

### JURISDICTION AND VENUE

7.     This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

8.     Venue is proper as the acts and omissions giving rise to Plaintiff's claims occurred in Orange County, Florida.

9.     Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on April 8, 2019.  On October 24, 2019 the EEOC issued its right-to-sue letter.  Therefore this complaint is being filed within 90 days of Plaintiff receiving her right-to-sue letter. See Exhibit A.

## FACTUAL ALLEGATIONS

10.     Plaintiff worked for Defendant as Director of IT from approximately April 2012 until the date of his termination in approximately March 2019.

11.     According to the U.S. Equal Employment Opportunity Commission, employees who suffer from depression and other mental health conditions are protected against discrimination and/or harassment.

12.     The ADAAA defines a disability as a physical or mental impairment that substantially limits a major life activity.

13.     At all times material to this cause of action Plaintiff suffers from severe depression and anxiety.

14.     Plaintiff's severe depression and anxiety substantially limits his ability to perform major life activities and therefore requires reasonable accommodation under the ADAAA.

15.     In or about March/April 2018 Plaintiff requested accommodation under the ADAAA related to severe depression and anxiety.

16.     Specifically, Plaintiff requested that he be allowed to work remotely so he could relocate from Defendant's Franklin TN office to Winter Garden Florida.

17.     In July 2018, Defendant's Vice President, Mr. Byung Kang, approved Plaintiff's request for accommodation and allowed him to perform his IT duties remotely from Winter Garden Florida.

18.     In approximately October 2018, Plaintiff applied for leave pursuant to the Family Medical Leave Act (FMLA) relating to his severe depression and anxiety.[1]

---

[1] Of importance is that Plaintiff had previously applied for and used FMLA in 2016 for the same medical reasons, severe depression and anxiety.

19.     Plaintiff was approved for said FMLA to begin on or about November 1, 2018 with a return date of January 24, 2019.

20.     Prior to Plaintiff taking leave under the FMLA, Defendant hired a new Vice President, Peymand Zand ("Mr. Zand").

21.     Prior to Plaintiff beginning his leave under the FMLA, Mr. Zand explained to Plaintiff that at the conclusion of his FMLA leave, Plaintiff would be required to resign from his position as Director of IT and find another position within the company that would allow him to work remotely.

22.     In addition to the above, Defendant's Human Resources explained to Plaintiff that upon the expiration of his FMLA leave, his options were either 1) return to work onsite in Franklin, Tennessee as Director of IT or 2) find and apply for an alternative position that would allow him to work remotely.

23.     Further, Defendant's Human Resources provided Plaintiff with thirty (30) days to make a decision with respect to allegations outlined in paragraph 22.

24.     On December 21, 2018, Plaintiff emailed Lisa Green (Ms. Green) Manager of Human Resources informing her of his intention to continue working remotely per his previous request for accommodation under the ADAAA.  See Exhibit B

25.     On January 23, 2019, Plaintiff emailed Ms. Green of his intention to return to work the following day and again made clear that he would not be resigning from his position as Director of IT or relocate bank to Franklin, Tennessee as the company was previously able to accommodate him for months without issue. See Exhibit C

4

26.     On January 24, 2019 Ms. Green responded to Plaintiff's email maintaining Defendant's position that he would not be accommodated any longer and that if he had not made a decision by February 1, 2019 he would be reclassified to PRN ("Pro re nata"). See Exhibit D

27.     As a result of Plaintiff's email, Defendant placed Plaintiff on a leave of absence and reduced his work hours to zero.

28.     Despite Plaintiff's numerous requests, Defendant failed to engage in any interactive process to determine if Plaintiff's request for continued accommodations, working remotely, was reasonable.

29.     That Defendant's continued accommodation for Plaintiff would not cause significant difficulty or expense, disruption, or undue hardship to the business.

30.     Defendant discriminated against Plaintiff for his actual and/or perceived disabilities.

31.     Defendant failed to accommodate Plaintiff's needs for working remotely as Director of IT once he was cleared to return from FMLA leave.

32.     Plaintiff could have continued to perform the essential duties of his job had Defendant continued to accommodate his request.

33.     Defendant's violations of the ADAAA were willful and perpetrated with malice or reckless indifference to the law(s).

34.     Plaintiff seeks all remedies available in law and equity.

**COUNT I**
**Disability/Perceived Disability**
**Discrimination Under the ADAAA**

35.     Plaintiff realleges and adopts the allegations of paragraphs 1-33 above as if fully set forth herein.

36.     Plaintiff was a qualified individual with a disability.

37.     Plaintiff was perceived as disabled by Defendant.

38.     Defendant was Plaintiff's employer as defined by the ADAAA.

39.     Defendant discriminated/retaliated against Plaintiff because of his actual or perceived disability in violation of the ADAAA.

40.     Defendant discriminated and/or retaliated against Plaintiff because he exercised his rights under the ADAAA by notifying Defendant of his need for an accommodation upon at the expiration of his FMLA leave.

41.     Defendant had actual or constructive knowledge of the discriminatory/retaliatory conduct.

42.     Defendant's acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

43.     Defendant's conduct violated Plaintiff's right to be free from discrimination as guaranteed by the ADAAA.

44.     Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

45.     Defendant's violations of the ADAAA were willful.

46.     Plaintiff is entitled to recover his attorneys' fees and costs pursuant to the ADAAA.

        **WHEREFORE**, Plaintiff MICHAEL SANDERS prays for a trial by jury and all legal and equitable relief allowed by law including:

        a.   Back pay and benefits;

        b.   Interest on back pay and benefits;

        c.   Front pay and benefits and/or lost earning capacity;

        d.   Compensatory damages;

        e.   Damages for mental anguish and emotional distress;

f.   Injunctive relief;

g.   Prejudgment interest;

h.   Declaratory judgment that Defendant's practices violate the ADAAA;

i.   Costs and attorney's fees; and

j.   Such other relief as the Court may deem just and proper.

### COUNT II
### Disability/Perceived Disability
### Discrimination Under the FCRA

47.   Plaintiff realleges and adopts the allegations of paragraphs 1-34 above as if fully set forth herein.

48.   Plaintiff was a qualified individual with a disability.

49.   Plaintiff was perceived as disabled by Defendant.

50.   Defendant was Plaintiff's employer as defined by the FCRA.

51.   Defendant discriminated/retaliated against Plaintiff because of his actual or perceived disability in violation of the FCRA.

52.   Defendant discriminated against Plaintiff because Plaintiff because he exercised his rights under the FCRA by notifying Defendant of his need for accommodation at the expiration of his FMLA leave.

53.   Defendant had actual or constructive knowledge of the discriminatory conduct.

54.   Defendant's acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

55.   Defendant's conduct violated Plaintiff's right to be free from discrimination/retaliation as guaranteed by the FCRA.

56.   Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendants,

which have caused and continue to cause irreparable harm.

57.     Defendant's violations of the FCRA were willful.

58.     Plaintiff is entitled to recover his attorneys' fees and costs pursuant to the FCRA.

**WHEREFORE**, Plaintiff MICHAEL SANDERS prays for a trial by jury and all legal and equitable relief allowed by law including:

   a.  Back pay and benefits;

   b.  Interest on back pay and benefits;

   c.  Front pay and benefits and/or lost earning capacity;

   d.  Compensatory damages for emotional pain and suffering;

   e.  Injunctive relief;

   f.  Prejudgment interest;

   g.  Declaratory judgment that Defendant's practices violate the FCRA;

   h.  Costs and attorney's fees; and

   i.  Such other relief as the Court may deem just and proper.

### COUNT III
### Failure to Accommodate Under the ADAAA

59.     Plaintiff realleges and adopts the allegations of paragraphs 1-34 above as if fully set forth herein.

60.     Plaintiff was a qualified individual with a disability.

61.     Defendant was Plaintiff's employer as defined by the ADAAA.

62.     Plaintiff's medical condition substantially limited one or more of his major life activities. As such Plaintiff required accommodation to continue to perform the essential duties of his position.

63.     The accommodations requested by Plaintiff were reasonable and would not impose undue hardship on Defendant.

64.     Defendant refused to accommodate Plaintiff, and did not engage in the interactive process to determine if an accommodation was warranted.

65.     Defendant's acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

66.     Defendant's conduct violated Plaintiff's right to be free from discrimination as guaranteed by the ADAAA.

67.     Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendants, which have caused and continue to cause irreparable harm.

68.     Defendant's violations of the ADAAA were willful.

69.     Plaintiff is entitled to recover his attorneys' fees and costs pursuant to the ADAAA.

**WHEREFORE**, Plaintiff MICHAEL SANDERS prays for a trial by jury and all legal and equitable relief allowed by law including:

a.   Back pay and benefits;

b.   Interest on back pay and benefits;

c.   Front pay and benefits and/or lost earning capacity;

d.   Compensatory damages;

e.   Damages for mental anguish and emotional distress;

f.   Injunctive relief;

g.   Prejudgment interest;

h.   Declaratory judgment that Defendant's practices violate the ADAAA;

i.   Costs and attorney's fees; and

j.   Such other relief as the Court may deem just and proper.

## COUNT IV
## Failure to Accommodate Under the FCRA

70.     Plaintiff realleges and adopts the allegations of paragraphs 1-34 above as if fully set forth herein.

71.     Plaintiff was a qualified individual with a disability.

72.     Defendant was Plaintiff's employer as defined by the FCRA.

73.     Plaintiff's medical condition substantially limited one or more of his major life activities. As such Plaintiff required accommodation to continue to perform the essential duties of his position.

74.     The accommodations requested by Plaintiff were reasonable and would not impose undue hardship on Defendant.

75.     Defendant refused to accommodate Plaintiff, and did not engage in the interactive process to determine if an accommodation was warranted.

76.     Defendant's acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

77.     Defendant's conduct violated Plaintiff's right to be free from discrimination/retaliation as guaranteed by the FCRA.

78.     Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendants, which have caused and continue to cause irreparable harm.

79.     Defendant's violations of the FCRA were willful.

80.     Plaintiff is entitled to recover his attorneys' fees and costs pursuant to the FCRA.

**WHEREFORE**, Plaintiff MICHAEL SANDERS prays for a trial by jury and all legal and equitable relief allowed by law including:

a.  Back pay and benefits;

b.  Interest on back pay and benefits;

c.  Front pay and benefits and/or lost earning capacity;

d.  Compensatory damages;

e.  Damages for mental anguish and emotional distress;

f.  Injunctive relief;

g.  Prejudgment interest;

h.  Declaratory judgment that Defendant's practices violate the FCRA;

i.  Costs and attorney's fees; and

j.  Such other relief as the Court may deem just and proper.

**Plaintiff specifically reserves the right to amend his Complaint to seek
punitive damages against Defendants**

**JURY DEMAND**

Plaintiff requests that upon trial of this action all issues be submitted to and determined by a

jury except those issues expressly reserved by law for determination by the Court.

Dated this __13__ day of November, 2019.

Respectfully submitted,

MATTHEW R. GUNTER, ESQ.
Fla. Bar No. 0077459
Morgan & Morgan, P.A.
20 North Orange Avenue, 14th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Tel.: (407) 236-0946
Fax: (407) 867-4791
Email:  MGunter@forthepeople.com
*Trial Counsel for Plaintiff*